Kirkpatrick, C. J. and Rossell, J.
ThaWere of opinion, that the order of the Sessions, affirming the order of the two justices, ought to be affirmed.
Pennington, J.
As I entertain a different opinion from my brethren, it is proper I should express my reasons for such opinion.
It Is admitted, that the pauper was settled by birth in Amwell: the question for this Court to determinéis, whether from the facts stated in the caso, he did mot afterwards gain a settlement in Hopewell? And if lie did, then whether he did not afterwards gain a settlement in Montgomery? It is contended by Amwell, that the pauper gained a settlement in Hopewell, by serving an apprenticeship of one year there. To gain a settlement in this respect, the pamper must have served an apprenticeship, under indenture, for the space of one full year, in Hopewell. Almost every requisite to constitute this service is denied, on the part of Hopewell, to exist in the present caso. First, if is said that the instrument is not indented, and therefore, that [*] there was no indenture. In the first part of the reign of George the second, it was so adjudged, oven in settlement cases, which adjudications gave rise to the 31 Geo. 2, curing the evil; and whether that statute Is to bo considered as extending to this State or not, I apprehend at this day, an objection arising from a defect of this kind, cannot be sot up. Second, it is said that the instrument docs not contain the word apprentice, and therefore a service «ador it was notan apprenticeship. If there was a substantial binding in every oilier respect, I should incline to got over this objection as too technical, yet I do not see very well how we are to get rid of the authorities. It is laid down in 4 Bac. 557, that an *323 apprentice must be retained by the name of an apprentice expressly, otherwise he is no apprentice, though bound; 1 Burns’ J. 60, referring to Dalton’s Justice, recognizes the same principle: the reason for this no doubt is, that there is a material difference between a servant anti an apprentice. Third, it is said that the instrument does not contain any agreement that the pauper was to learn any art, trade or mystery, which every Indenture of apprenticeship requires. It appears to me, that this is a fatal objection. "When I look into the books to find the moaning of the word apprentice, I perceive that it is derived from the word apprmdre, to learn, and that it is defined in the following words — “A young person, bound by indentures, to a tradesman or artificer, who, upon certain covenants, is to teach him his mystery or trade.55 It is true, apprentices are not confined to tradesmen or artificers, husbandmen may take apprentices, but in doing of it, they covenant to learn them the art and mystery of husbandry. I take It to be essential to every legal indenture of apprenticeship, that the master or mistress must engage or covenant to learn the apprentice some trade, art or mystery; it is that which distinguishes it from menial service. Wé find in England young women are bound apprentices to learn the art and mystery of housewifery; to constitute an apprenticeship something is to be learnt; it is the characteristic mark of the service to be performed, [#] and there can be no apprenticeship without it. A fourth objection raised on the part of Hopewell is, that the pauper never signed, sealed, or delivered the instrument, but that this was only done by the father of the pauper and the person to whom he was bound. I am of opinion, that under our act of Assembly at least, this is also a fatal objection to the instrument, so far as i!; goes to constitute an apprenticeship ; it is not the father that binds the apprentice, but it is the apprentice that binds himself, with the consent of its parent or guardian. This consent Is properly required to prevent improvident acts of the Infant. The parent or guardian may enter into covenants In the Instrument to secure and indemnify the .master, that will bind them, but these covenants are not the acts of binding; an indenture would be good without them.
As to tbe question arising on the manner of computing time, so learnedly and ingeniously argued by the counsel on both sides, it is not necessary for me to give an opinion; and I am induced to decline doing so, as it may possibly affect the interest of the township of Montgomery, that township not being before the Court. I am of opinion, that both orders ought to be quashed. The orders of Sessions affirmed.